UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

|  |  |
|---|---|
| ALAN JACOBSON, | ) Case No.: |
| Plaintiff, | ) |
| v. | ) |
| KOHL'S DEPARTMENT STORES, INC., | ) JURY TRIAL DEMANDED |
| Defendant. | ) |

## COMPLAINT

ALAN JACOBSON ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against KOHL'S DEPARTMENT STORES, INC., ("DEFENDANT"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227 and the Florida Consumer Collection Practices Act, Florida Statute §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, and for pendent state law claims 28 U.S.C. § 1367. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012)

3. Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiff's claims under the Florida Consumer Collection Practices Act, Fla. Stat. ("FCCPA"), § 559.55, et seq., because those claims share a common nucleus of operative facts with Plaintiff's claims under the TCPA. See LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010).

4. Defendant regularly conducts business in the State of Florida, thus, personal jurisdiction is established.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**PARTIES**

6. Plaintiff is a natural person who resides in Fort Lauderdale, Florida 33304.

7. Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

8. Plaintiff is a "consumer" as defined by the FCCPA and is a person whom the act was intended to protect, FCCPA, Fla. Stat. § 559.55(8).

9. Defendant is a corporation with its principal place of business located at N56 West 17000 Ridgewood Dr., Menomonee Falls, WI 53051.

10. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a "creditor" as that term is defined in the FCCPA, Fla. Stat. § 559.55(5).

12. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

13. Plaintiff has a cellular telephone number.

14. Plaintiff has only used this number as a cellular telephone number.

15. Beginning in or around the summer of 2014 and continuing through 2015 or 2016, Defendant placed repeated telephone calls to Plaintiff's cellular telephone number.

16. Defendant used an automatic telephone dialing system, automated message and/or prerecorded voice when contacting Plaintiff.

17. Plaintiff knew that Defendant was using an automatic telephone dialing system, automated message and/or prerecorded voice because when she answered calls she would be greeted with a recorded message before the call was transferred to a live representative.

18. Defendant's telephone calls were not made for "emergency purposes."

19. Desiring to stop the repeated telephone calls, Plaintiff spoke with Defendant's agents and told them to stop calling him in or around November or December 2014.

PLAINTIFF'S COMPLAINT

20. Once Defendant was aware that its calls were unwanted and to stop, there was no lawful purpose to continue making further calls, nor was there any good faith reason to place calls.

21. However, Defendant failed to update its records to restrict telephone calls to Plaintiff's cellular telephone despite Plaintiff's request to stop calling.

22. Plaintiff told Defendant to stop calling him several more times after December 2014, but Defendant continued to call through 2015 or 2016.

23. Plaintiff found Defendant's repeated automated calls to be invasive, harassing, frustrating, annoying, aggravating, and upsetting.

24. Upon information and belief, Defendant conducts business in a manner which violates the Telephone Consumer Protection Act.

## COUNT I
## DEFENDANT VIOLATED THE TCPA

25. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

26. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone number.

27. Defendant initiated calls to Plaintiff's cellular telephone using a pre-recorded or artificial voice.

28. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

29. Defendant's calls were to Plaintiff were not made for "emergency purposes", but were made to collect money.

30. After Plaintiff told Defendant to stop calling, Defendant knew or should have known that it did not have consent to call and/or that any consent it thought it had was revoked.

31. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

32. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

33. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

PLAINTIFF'S COMPLAINT

# COUNT II
# <u>DEFENDANT VIOLATED THE</u>
# <u>FLORIDA CONSUMER COLLECTION PRACTICES ACT</u>

34. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

35. Any person attempting to collect a consumer debt violate § 559.72(7) by willfully communicating with the debt with such frequency as can reasonably be expected to harass the debtor or willfully engaging in other conduct which can be reasonable excepted to abuse or harass, the debtor, such as causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass.

36. Defendant violated § 559.72(7) when it placed repeated and continuous telephone calls to Plaintiff between the summer of 2014 and 2015 or 2016, calling over and over again despite knowing its calls were unwanted.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ALAN JACOBSON, respectfully prays for a judgment as follows:

    a. The greater of all actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A); OR

b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B); OR

c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);  AND

d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3); AND

e. Statutory damages of $1,000.00 pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; AND

f. Costs and reasonable attorneys' fees pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77; AND

g. Any other relief deemed appropriate by this Honorable Court.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, ALAN JACOBSON, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

Dated: November 28, 2017

By: */s/ Amy L. Bennecoff Ginsburg*
Amy L. Bennecoff Ginsburg, Esq.
Fla. Bar No.: 1002337
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com

PLAINTIFF'S COMPLAINT